IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

QUITO I. NEHEMIAH,

                Plaintiff,

vs.                                                   No. 1:24-cv-00929-MLG-LF

DIRECTOR OF THE OFFICE OF
PERSONNEL MANAGEMENT,

                Defendant.

## ORDER

THIS MATTER is before the Court on pro se plaintiff Quito Nehemiah's motion for leave to proceed in forma pauperis ("IFP"), Doc. 9; motions to transfer this case, Docs. 12, 34; motions for discovery, Docs. 13, 30, 36; and motions to recuse, Docs. 26–27, 29, 33.

**Mr. Nehemiah's Motions**

Mr. Nehemiah's IFP motion (Doc. 9) is granted. I find that Mr. Nehemiah is "unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of this proceeding and because he has had no income during the past 12 months." *Allyn v. Bradly*, No. 1:24-CV-00130-LF, 2024 WL 524447, at *1 (D.N.M. Feb. 9, 2024) (citing 28 U.S.C. § 1915(a)); *see* Doc. 9.

Mr. Nehemiah's motions to transfer this case (Docs. 12, 34) are denied. The United States Court of Appeals for the Federal Circuit transferred this case to the District of New Mexico under *Perry v. Merit Systems Protection Board*, 582 U.S. 420, 422 (2017), and Mr. Nehemiah cites no authority demonstrating that the Federal Circuit's decision was erroneous or that transfer to another jurisdiction is otherwise warranted, *see Nehemiah v. Dir. of Off. of Pers. Mgmt.*, No. 2024-1575, 2024 WL 4208656, at *1 (Fed. Cir. Sept. 17, 2024).

Mr. Nehemiah's motions for discovery (Docs. 13, 30, 36) are denied without prejudice as premature. Under Federal Rule of Civil Procedure 26(d)(1) and D.N.M.LR-Civ. 26.4(a), discovery on Mr. Nehemiah's employment discrimination claims, if any have been properly raised in this case, is not permitted before the parties' Rule 26(f) conference, and a challenge to the Office of Personnel Management's employment suitability determination, if any has been properly raised in this case, will be "reviewed based only on the administrative record" without discovery. Doc. 32 at 2 n.1 (citing *Tucker v. Dep't of Veterans Affairs*, No. 1:23-cv-804, 2024 WL 2716661, at *3–5 (S.D. Ohio May 28, 2024)).

Mr. Nehemiah's motions requesting that I recuse from this case (Docs. 26–27, 29, 33) are also denied. "[F]ederal law instructs that a judge 'shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned.'" *United States v. Martinez*, 92 F.4th 1213, 1255 (10th Cir. 2024) (quoting 28 U.S.C. § 455(a)). The "standard is purely objective" and turns on whether a "reasonable *factual* basis exists for calling the judge's impartiality into question." *Id.* (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)). Mr. Nehemiah's motions do not meet this standard. Mr. Nehemiah contends, without foundation, that I am "colluding with opposing counsel to block the administration of fair justice"; that these "proceedings are a bogus shame [sic]," a "sardonic look at justice," and a "mockery of Jurisprudence"; and that I should consider, among other circumstances irrelevant to this case, the "orgy of [recent presidential] pardons" in my recusal analysis. Docs. 26–27, 29, 33. These assertions do not demonstrate a reasonable factual basis for calling my impartially into question, and the recusal motions therefore are denied.

**Case Management**

Having resolved Mr. Nehemiah's motions, I remind Mr. Nehemiah of his obligations as a pro se litigant. With respect to case management,

> [g]enerally, pro se litigants are held to the same standards of professional responsibility as trained attorneys. It is a pro se litigant's responsibility to become familiar with and to comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of New Mexico (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants, and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court also again reminds Mr. Nehemiah of his obligations under Federal Rule of Civil Procedure 11. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("Pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

    **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(b).  Failure to comply with Rule 11 may subject Mr. Nehemiah to sanctions, including monetary penalties and nonmonetary directives.  *See* FED. R. CIV. P. 11(c).

**Notice Regarding Compliance with Orders and Rules**

    Mr. Nehemiah is also reminded that failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and nonmonetary sanctions, including filing restrictions and dismissal of this case.  *See* FED. R. CIV. P. 41(b) ("If the plaintiff fails to … comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 F. App'x 352, 354 (10th Cir. 2017) (holding that courts may "dismiss actions sua sponte for a plaintiff's failure to … comply with the rules of civil procedure or court's orders" (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003))).

**Federal Rule of Civil Procedure 1**

    Finally, Mr. Nehemiah is reminded of his obligations under Federal Rule of Civil Procedure 1.  Under that Rule, the Court and the parties (including pro se litigants) have a responsibility to administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action."  In this case, Mr. Nehemiah has filed three premature motions for discovery; three premature motions for summary judgment; four duplicative recusal motions raising irrelevant factual assertions and using racial epithets; two motions to transfer that fail to cite any applicable legal authority; and numerous other documents not contemplated by the case management requirements of "mixed cases," the Federal Rules of Civil Procedure, or this Court's Local Rules.  *See* Docs. 11–19, 22, 26–27, 29–30, 33–34, 36; *Tucker*, 2024 WL 2716661, at *1–5.  Mr. Nehemiah is hereby warned that continued conduct of

this nature may require the Court to issue orders to ensure the speedy and inexpensive determination of this case, such as imposing filing restrictions or dismissing this case.

IT IS SO ORDERED.

_____
Laura Fashing
United States Magistrate Judge

5