IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

QUITO I. NEHEMIAH,

        Plaintiff,

vs.                                                                                                     No. 1:24-cv-00929-MLG-LF

DIRECTOR OF THE OFFICE OF
PERSONNEL MANAGEMENT,

        Defendant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on the three summary judgment motions filed by pro se plaintiff Quito Nehemiah. Docs. 14, 15, 22. United States District Judge Matthew Garcia referred this case to me "to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 52. I recommend that the motions be denied without prejudice as premature.

This is an employment dispute filed by Mr. Nehemiah, formerly known as Walter Ivey. MSPB Ruling at 1.[1] Mr. Nehemiah obtained employment with the United States Department of Veterans Affairs ("VA") in 2021. *Id.* at 2. He was accused of falsifying his application for employment, and—after an investigation into his conduct and briefing on the matter—the U.S. Office of Personnel Management ("OPM") directed the VA to terminate Mr. Nehemiah and barred him from federal employment for three years, effective May 5, 2023. *Id.* at 5.

Mr. Nehemiah appealed OPM's decision to the United States Merit Systems Protection Board ("MSPB"), raising as affirmative defenses (1) race- and gender-based discrimination and

---

[1] The MSPB ruling appears at Document 1, page 18. Because the ECF page numbers are nearly illegible on Document 1, the Court cites the internal page numbers in the upper-righthand corner of the MSPB ruling.

retaliation under Title VII and (2) disability-based discrimination under the ADA. *Id.* at 14. The MSPB affirmed OPM's decision and rejected Mr. Nehemiah's Title VII and ADA claims. *See id.* 7–19. Mr. Nehemiah appealed the MSPB's decision to the United States Court of Appeals for the Federal Circuit, but the Federal Circuit transferred the case to this Court because Mr. Nehemiah appeared to bring a "mixed case" (an appeal of OPM's administrative employment ruling along with separate Title VII and ADA claims) that could only be heard in federal district court under federal law.[2]  Doc. 2.

After the case was transferred, the "entire [389-page] Federal Circuit docket was placed on this Court's docket as a 'Complaint,'" Doc. 20 at 2 (citing Doc. 1), and Mr. Nehemiah proceeded to "file[] numerous motions and documents in this Court," including the three summary judgment motions at issue, Doc. 32 at 2. Because the record did not contain a "formal petition asserting the claims and legal theories that [Mr. Nehemiah] wishe[d] to raise in this case," I ordered Mr. Nehemiah to file a petition "setting forth all claims for relief that he intends to raise in this matter" by February 14, 2025, *id.*, and stayed the deadlines for defendant to respond to Mr. Nehemiah's various motions pending further notice from the Court, Docs. 21, 32.

Mr. Nehemiah filed his petition on February 3, 2025, Doc. 37, followed by a second unauthorized petition on February 10, 2025, Doc. 41. I then entered a case management order directing defendant to file the administrative record and respond to the petition under the "mixed

---

[2] A "mixed case" arises under the statues and regulations governing the MSPB where the plaintiff brings both (1) a challenge to an OPM employment ruling appealable to the MSPB under 5 U.S.C. § 7512 (for example, a ruling removing an employee from federal employment) and (2) employment-discrimination claims under, for example, Title VII. *E.g.*, *Tucker v. Dep't of Veterans Affairs*, No. 1:23-cv-804, 2024 WL 2716661, at *3–4 (S.D. Ohio May 28, 2024). In mixed cases, OPM employment rulings are reviewed based only on the administrative record under an arbitrary and capricious standard, while employment-discrimination claims are reviewed de novo and subject to discovery and motion practice under the Federal Rules of Civil Procedure. *Id.* at *3–5.

case" framework discussed in *Tucker v. Department of Veterans Affairs*, No. 1:23-cv-00804-SJD-KLL, 2024 WL 2716661 (S.D. Ohio May 28, 2024), and *Bussey v. Carter*, No. 1:16-cv-906-MCA-LF, 2018 WL 1684317 (D.N.M. Apr. 5, 2018) (applying *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560 (10th Cir. 1994)).  Doc. 39 at 1.  Defendant complied by lodging the administrative record on March 17, 2025, Doc. 45, and by filing a motion to dismiss this case under Rule 12(b)(6) on May 1, 2025, Doc. 48.  Mr. Nehemiah opposed the motion to dismiss, Doc. 49, and defendant filed a reply, Doc. 50.

Given this procedural history, I recommend that the Court deny Mr. Nehemiah's motions for summary judgment without prejudice as premature, as they were filed (1) before any formal petition was on file setting forth all claims for relief that Mr. Nehemiah wished to raise in this case, (2) before any administrative record concerning OPM's employment ruling was on file, and (3) before any discovery into Mr. Nehemiah's employment discrimination claims has occurred.

Indeed, because no formal factual record existed in this case when Mr. Nehemiah filed his summary judgment motions, his motions failed to comply with Federal Rule of Civil Procedure 56(c)(1)(A)'s requirement that a "party asserting that a fact cannot be or is genuinely disputed *must* support the assertion by … citing to particular parts of materials in the record." (Emphasis added.)  Deciding these summary judgment motions on the merits now would therefore "effectively prevent the parties from developing the factual record, thereby undermining the court's ability to accurately determine whether there is 'no genuine issue of material fact' on the relevant issues." *Zurich Am. Ins. Co. v. Ascent Constr., Inc.*, No. 1:20-cv-00089-DBB, 2022 WL 280779, at *2 (D. Utah Jan. 31, 2022) (denying a partial summary judgment motion as "premature"); *see also, e.g.*, *Guymon v. Litsey*, No. 2:18-cv-00850-DB-DBP, 2020 WL 5947500, at *2 (D. Utah Sept. 14, 2020) ("Although a party may move for summary

judgment prior to the conclusion of discovery, courts often deny motions for summary judgment … as premature when no discovery has been conducted." (collecting decisions)), *R&R adopted*, 2020 WL 5944040 (D. Utah Oct. 7, 2020); *Fleming v. Sims*, No. 17-cv-01827-WJM-STV, 2017 WL 8294286, at *3–4 (D. Colo. Dec. 5, 2017) (same).

I therefore recommend that the Court deny Mr. Nehemiah's three motions for summary judgment (Docs. 14, 15, 22) without prejudice as premature.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court. *Id.* In other words, if no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge

4