IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

———————————

QUITO I. NEHEMIAH,

    Plaintiff,

v.                                     Case No. 1:24-cv-00929-MLG-LF

DIRECTOR OF THE OFFICE OF
PERSONNEL MANAGEMENT,

    Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION

United States Magistrate Judge Laura Fashing filed the Proposed Findings and Recommended Disposition ("PFRD") on July 28, 2025. Doc. 62. This PFRD recommends the Court deny without prejudice three pending motions for summary judgment filed by Plaintiff Quito I. Nehemiah. *Id.* at 1, 3. *See also* Docs. 14, 15, 22. The reasons underlying her recommendations relate to the procedural history of this case and also Nehemiah's failure to comply with the relevant rules of civil procedure. Specifically, Judge Fashing noted that Nehemiah's motions for summary judgment "were filed (1) before any formal petition was on file setting forth all claims for relief that Mr. Nehemiah wished to raise in this case, (2) before any administrative record concerning OPM's employment ruling was on file, and (3) before any discovery into Mr. Nehemiah's employment discrimination claims has occurred." Doc. 62 at 3. She also pointed out that "because no formal factual record existed in this case when Mr. Nehemiah submitted his summary judgment motions, his filings failed to comply with Federal Rule of Civil Procedure 56(c)(1)(A)'s requirement that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record." *Id.* (cleaned up). Judge Fashing

1

recommends that Nehemiah's motions be dismissed without prejudice and that he be permitted to

refile his motions for summary judgment in the future. *See id.* The PFRD notified the parties of

their ability to file objections within fourteen days and that failure to do so waived appellate

review.[1] *Id.* at 4. Nehemiah filed two timely objections to the PFRD. Docs. 64, 66.[2]

Nehemiah challenges "paragraph 2 page 2" of the PFRD, arguing "these finding are clearly

erroneous and unsupported by the evidence presented in this case." Doc. 64 at 1; Doc. 66 at 1. He

appears to object to Judge Fashing's recitation of the procedural posture in this case. *See* Doc. 62

at 2 (explaining Judge Fashing's decision to order Nehemiah to file a petition setting forth his

claims after this litigation was transferred from the Federal Circuit). He also objects to "paragraph

3.Page 3" asserting that resolution of his motions for summary judgment would not be premature.

Doc. 64 at 2; Doc. 66 at 1. The Court disagrees. As Judge Fashing's PFRD explains, "no formal

factual record existed in this case when [he] filed his summary judgment motions [and] his motions

failed to comply with Federal Rule of Civil Procedure 56(c)(1)(A)[.]" Doc. 62 at 3.

Further complicating the matter is that Nehemiah's objections do not address the substance

of Judge Fashing's decision. He does not challenge any of her factual findings regarding his

motions[3] or explain why, in light of those circumstances, she was wrong to deem his motions

---

[1] On August 18, 2025, Nehemiah filed a third objection. Doc. 67. That objection is untimely and will not be considered. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) (explaining "the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.").

[2] Both objections are materially the same. *Compare* Doc. 64 *with* Doc. 66. Accordingly, the Court treats Nehemiah's second duplicative objection as incorporated within his first filed objection.

[3] Nehemiah does challenge Judge Fashing's "statement" explaining that "[a]fter an investigation into his conduct and briefing on the mat[t]er the US Office of Personnel Management (OPM) directed the VA to terminate Mr. Nehemiah." Doc. 64 at 3 (referencing Doc. 62 at 1). Nehemiah categorizes this "statement" as "libelous and slanderous." *Id.* at 4. Nehemiah's objection to this statement underscores the impropriety of a summary judgment decision at this stage of the

premature. Nor does he explain why his motions should not be denied based on his failure to comply with the relevant rules of civil procedure. Fed. R. Civ. P. 56(c)(1)(A); D.N.M.LR-Civ. 56.1(b). In short, the Court finds no reason either in law or fact to depart from Judge Fashing's proposed recommendations and findings and will adopt the conclusions memorialized in the PFRD. Doc. 62.

Based on the preceding, and pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the Court has conducted a *de novo* review of the record and of the PFRD and considered the relevant objections.

It is therefore ordered as follows:

1.    Nehemiah's objections, Docs. 64, 66, are overruled;

2.    Nehemiah's objection, Doc. 67, which was lodged on August 18, 2025, is untimely and will not be considered;

3.    Judge Fashing's Proposed Findings and Recommended Disposition, Doc. 62, is adopted; and

4.    Nehemiah's motions for summary judgment, Docs. 14, 15, 22, are denied without prejudice.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

litigation. The parties' contentions are directly inapposite, and the factual record is presently insufficient to determine whether Nehemiah is entitled to judgment as a matter of law.