IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

QUITO I. NEHEMIAH,

    Plaintiff,

v.                                                                                        No. 1:24-cv-00929-MLG-LF

DIRECTOR OF THE OFFICE OF
PERSONNEL MANAGEMENT,

    Defendant.

**ORDER GRANTING MOTION TO BE EXCUSED FROM FILING REDACTED
ADMINISTRATIVE RECORD**

THIS MATTER is before the Court on defendant Director of the Office of Personnel Management ("OPM")'s motion to be excused from filing a redacted administrative record (Doc. 81). On October 14, 2025, the Court ordered OPM to refile the administrative record of proceedings before the Merit Systems Protection Board ("MSPB") by October 28, 2028. *See* Doc. 78. OPM was required to both (1) file the record unredacted but under seal, and (2) either file the record publicly with personal identifiable information redacted or file a motion to be relieved from filing a redacted copy because personal identifiable information permeates the record. *Id.* at 1.

On October 28, 2025, OPM timely filed both an unredacted copy of the record under seal, *see* Doc. 80, and a motion to be excused from filing a redacted copy of the record, *see* Doc. 81. OPM asserts that the record "is replete with personally identifying information, information from Plaintiff's personnel files, information regarding Plaintiff's financial and medical history, and other sensitive, non-public information" that "would be unduly burdensome" to redact "from the 1,100-page" record. *Id.* at 1. OPM additionally argues that a redacted public record "is of limited public interest," because "it does not only contain those materials relied upon by the

parties for their merits arguments, but all other parts of the records from administrative proceedings not referenced by the parties." *Id.* at 2.

OPM stated that it sought plaintiff Quito Nehemiah's position on the motion but was unable to contact him. *Id.* at 1. A "United States Memorandum in Support of Motion to Hold the Office of Personnel Management for Show Cause Order" from Mr. Nehemiah was filed with the Court on November 6, 2025. *See* Doc. 83. Mr. Nehemiah does not raise any arguments in that filing either for or against OPM's motion to be excused from filing the redacted record. *See id.*; *see also* D.N.M.LR-Civ 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). Rather, the filing asks the court to "impose civil contempt sanctions" on OPM in the amount of $10,000 per day for violating the Court's October 14, 2025, order to refile the record. Doc. 83 at 2. But there is no evidence that OPM has violated the Court's order. Mr. Nehemiah acknowledges that the Court ordered OPM "to file in the court's docket the administrative record of proceedings before the MSPB (1) un-redacted but under seal, and [(2)] publicly but with personal identifiable information redacted; or, alternatively, file a motion to be relieved from filing a redacted copy because identifiable information permeates the record." *Id.* at 2. As explained above, OPM met the first requirement by filing the unredacted record under seal. *See* Doc. 80. OPM met the second requirement by filing the present motion to be relieved from filing a redacted copy of the record. *See* Doc. 81. Mr. Nehemiah acknowledges that OPM had "14 days to comply with the order," Doc. 83 at 1, and OPM filed both the unredacted record and motion within that fourteen-day timeframe, *see* Doc. 80 (filed October 28, 2025); Doc. 81 (filed October 28, 2025).

      Because Mr. Nehemiah did not oppose the motion, and because OPM argues that Mr. Nehemiah's personally identifiable information permeates the administrative record, the Court finds good cause to GRANT the motion.  *See* FED. R. CIV. P. 5.2(d) ("The court may order that a filing be made under seal without redaction.")

      IT IS SO ORDERED.

_____<br>
Laura Fashing<br>
U.S. Magistrate Judge