IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

QUITO I. NEHEMIAH,

     Plaintiff,

v.                                                                                          No. 1:24-cv-00929-MLG-LF

DIRECTOR OF THE OFFICE OF
PERSONNEL MANAGEMENT,

     Defendant.

**ORDER ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

United States Magistrate Judge Laura Fashing filed a notice of Proposed Findings and Recommended Disposition ("PFRD"), Doc. 109, on February 10, 2026. The PFRD recommends that the Court grant Defendant Director of the Office of Personnel Management's ("OPM") Motion to Dismiss, Doc. 48. *See* Doc. 109. The PFRD notified the parties of their ability to file objections within fourteen (14) days of service and that failure to do so waived appellate review. *Id.* at 27. Nehemiah timely filed objections to the PFRD on February 26, 2026.[1] *See* Doc. 119.

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court declines to conduct a de novo review of the record and Judge Fashing's PFRD. Although Nehemiah's February 26, 2026, objections were timely, they were not specific. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[W]e hold that a party's objections to the magistrate judge's report and

---

[1] If service had been effectuated upon Nehemiah electronically, the fourteen-day deadline would have been February 24, 2026. *See* Docket at Doc. 109. But the Court "add[s] 3 days to th[is] deadline if service is by mailing it to the person's last known address[.]" *See id.* Therefore, Nehemiah's deadline to file his objections was extended to February 27, 2026, and his February 26, 2026, objections were timely. His second and third sets of objections, however, are untimely and will not be considered by the Court. *See* Doc. 122 (documenting a March 9, 2026, filing date); Doc. 128 (documenting a March 12, 2026, filing date).

recommendation must be both timely *and* specific to preserve an issue for de novo review by the district court or for appellate review." (emphasis added)); *see also id.* ("[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act that led us to adopt a waiver rule in the first instance."). Judge Fashing's findings were that (1) Nehemiah abandoned his appeal of the United States Merit Systems Protection Board's ("MSPB") decision because he neglected to make any reference to the MSPB's decision to affirm OPM's negative suitability determination in his Petition; (2) Nehemiah failed to plead with sufficient particularity how OPM discriminated against him or how any instances of his protected opposition to such discrimination have any causal connection to OPM's decision to issue a negative suitability determination; and (3) Nehemiah did not state a plausible claim of discrimination under either the Americans with Disabilities Act ("ADA") or the Rehabilitation Act. *See* Doc. 109 at 6-7; *id.* at 18-19; *id.* at 21-22; *id.* at 23-25. Nehemiah's objections do not address any of these proposed findings nor Judge Fashing's ultimate recommendation to dismiss these claims. *See* Doc. 119 at 1 (objecting to an unrelated PFRD that had already been adopted by this Court in August 2025); *id.* at 2 (objecting to the PFRD's misapplication of summary judgment standards when the Petition is being evaluated on a motion to dismiss); *id.* at 3 (objecting to the PFRD's "reliance on unsupported administrative findings" without any further clarification about which administrative findings were unsupported and how those unsupported findings led the Court to incorrect factual or legal conclusions); *id.* (objecting to the PFRD's refusal to "resolve all properly presented claims" without arguing how those claims could survive a Rule 12(b)(6) motion to dismiss).

The Court finds no reason either in law or fact to depart from Judge Fashing's recommendations. It is therefore ordered as follows:

1.  Judge Fashing's Proposed Findings and Recommended Disposition, Doc. 109, is adopted;

2.  OPM's Motion to Dismiss, Doc. 48, is granted;

3.  Nehemiah's opportunity to appeal the MSPB decision was abandoned and is dismissed with prejudice;

4.  Nehemiah may move the Court for leave to file an amended Complaint only to raise discrimination and retaliation claims upon which relief may be granted and must do so no later than thirty (30) days from the date of entry of this Order. Nehemiah shall attach his proposed amended Complaint as an exhibit to the motion, consistent with Local Rule 15.1. *See* D.N.M.LR-Civ. 15.1. Nehemiah's proposed amended Complaint shall be no longer than twenty (20) double-spaced pages and comport with the Federal Rules of Civil Procedure and this District's Local Rules of Civil Procedure. Should Nehemiah fail to file an amended Complaint that is fully compliant with the federal and local rules and the thirty-day deadline, his Title VII discrimination claim, Title VII retaliation claim, and Rehabilitation Act claim shall all be dismissed with prejudice.

5.  No further filings will be accepted without leave from the Court.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA